### A. P. O'Connor v. The State.

*No. 1282.  Decided March 3rd, 1897.*

**Having Possession of Forged Instrument Knowing it to be Forged, With Intent to Pass it—Verdict.**

On a trial upon an indictment containing two counts, the first for the forgery of a draft, and the second for having possession of said draft, knowing it to have been forged, with intent to pass the same, where the verdict was, "We the jury find the defendant guilty as charged in the second count of the indictment, of having in his possession a forged instrument of writing with intent to pass the same as true." Held: (1) The verdict is insufficient, because it does not find that defendant had the instrument in his possession "knowing the same to have been forged;" and (2), it does not assess any punishment, and is therefore an absolute nullity and could not support the judgment.

Appeal from the District Court of Ellis.  Tried below before Hon. J. E. Dillard.

Appeal from a conviction for having possession of a forged instrument, knowing it to have been forged, with intent to pass it; penalty, two years' imprisonment in the penitentiary.

No statement necessary.

No brief for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, Presiding Judge.—There are two counts in the indictment —the first, for forging a certain draft; and the second count for having possession of said draft, knowing it to have been forged, with intent to pass the same.  The jury convicted the defendant on the last count. The verdict reads:  "We, the jury, find the defendant guilty, as charged in the second count of the indictment, of having in his possession a forged instrument of writing with intent to pass the same as true. [Signed] E. L. Reeves, Foreman."  We advise that the jury be instructed simply to say upon which count they find the accused guilty, and not attempt to set out the contents of that count.  It is very questionable whether this is not a special verdict; and, if it be, it would be insufficient to sustain the judgment, because it does not find that he had the instrument in his possession knowing the same to have been forged. These remarks by the way.  Art. 750, Code Crim. Proc. 1895, requires that the verdict shall assess the punishment, in all cases where the same is not absolutely fixed by law, at some particular penalty. There is no punishment assessed by this verdict.  Is the punishment absolutely fixed by law to the offense for which appellant has been

convicted? It is not. The punishment prescribed for the offense is not less than two nor more than five years. Penal Code 1895, Art. 544. The court had no authority to enter judgment for any punishment, and the verdict was an absolute nullity and could not support the judgment. The judgment is reversed and the cause remanded.

*Reversed and Remanded.*