## DALLAS TERM, 1908.

### DOLLY OWENS v. THE STATE.

No. 4017.   Decided February 26, 1908.

**1.—Keeping Disorderly House—General Reputation.**

The character of a house as a disorderly one may be established by common reputation, but the proof must directly implicate the person charged with keeping it in order to convict.

**2.—Same—General Reputation for Chastity—Ownership.**

Upon trial for keeping a disorderly house, it was reversible error to permit a State's witness to testify to defendant's general reputation for chastity, and that she was a prostitute in order to establish ownership.

Appeal from the County Court of Reeves.   Tried below before the Hon. T. J. Hefner.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of $200.

The opinion states the case.

*Parker & Buck,* for appellant.—Cited cases in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of keeping a disorderly house, and her punishment assessed at a fine of $200.

Bill of exceptions No. 1 shows the following:   The State placed J. S. Lasley upon the stand and propounded to him this question: "Do you know the general reputation of the defendant, Dolly Owens, in the community in which she lives as to chastity?"   Appellant objected on the ground that same was improper, irrelevant, immaterial and incompetent, for the reason that defendant's character for chastity was not an issue in the case and could not be proved by the State by general reputation, unless the defendant sought to show her good character in said respect.   The objection was overruled, and the witness stated: "It is that she is a common whore and a common prostitute."   Bills Nos. 2 and 3 complain of the same matter.   This court has several times held that the character of a house  as a disorderly one may be established by common reputation, but the proof must directly implicate the person charged with keeping it in order to convict.   See Sara v. State, 22 Texas Crim. App., 639; Loraine v. State, 22 Texas Crim.

App., 640; Burton v. State, 16 Texas Crim. App., 156; Allan v. State, 15 Texas Crim. App., 320; Gamel v. State, 21 Texas Crim. App., 357. It follows, therefore, that the court erred in permitting the witness to testify to the general reputation of appellant being a common prostitute, in order to establish ownership.

The judgment is accordingly reversed and the cause is remanded.

*Reversed and remanded.*