## WALKER MACHEN v. THE STATE.

### No. 3940.  Decided March 11, 1908.

**1.—Public Gambling House—General Reputation.**

Where upon trial of conducting a public gambling house the evidence was that it was a matter of general reputation that defendant was the keeper of a certain saloon at which gambling had been going on, but there was no evidence directly implicating the defendant with keeping said place; and the testimony was generally of a hearsay character and objectionable, the conviction could not be sustained.

**2.—Same—Argument of Counsel.**

See opinion admonishing State's counsel to adhere in their argument to a fair discussion of the facts of the case, and to observe self-restraint in their address to the jury.

Appeal from the County Court of Hardin.  Tried below before the Hon. H. N. Vickers.

Appeal from a conviction of conducting a public gaming house; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was charged in the County Court of Hardin County with the offense of conducting a public gambling house, in violation of law, and on trial was convicted.

The case must be reversed for many reasons. The only evidence admitted tending to establish the guilt of appellant was that it was a matter of general repute in the vicinity where he lived that he was the keeper of what is known as the Sacerrac saloon, and that gambling had frequently been going on at this place. Unless corroboration may be found in the fact that appellant had obtained internal revenue license as a liquor dealer, the conviction rests alone on this character of testimony, and even this proof is so general and indefinite as to furnish little corroboration. The statement is that the license had E. W. Machen's name on it, but the witness was unable to say whether said license was issued to do business at Batson or some other place. The witness does not know when it was issued, nor by whom it was issued, but says, "I think it was issued by some State official at Washington." We have frequently held that the character of a house as a disorderly house may be established by common reputation, but it has also been held that the proof must directly implicate the person charged with keeping it in order to convict. See Sara v. State, 22 Texas Crim. App., 639; Loraine v. State, 22 Texas Crim. App., 640; Gamel v. State, 21 Texas Crim. App., 357; Allen v. State, 15 Texas Crim. App., 320; and Burton v. State, 16 Texas Crim. App., 156.

Again, much of the evidence admitted on the trial was clearly subject to objection. Among others, one C. C. Martin was introduced by the State, and was asked if he knew to whom the place of business known as the Sacerrac saloon belonged, to which he answered that he understood that it belonged to the defendant, Walker Machen, because he (witness) had gone to T. S. Reed's agent to rent said building and he told witness that he had rented the building to the defendant. This, of course, was purely hearsay and objectionable testimony and should have been excluded.

Again, it was proposed to be proved, and the court permitted the fact to be stated by A. D. McAdams, that he did not know of his own knowledge that the place of business in question belonged to the defendant, but it had been pointed out to him that it was defendant's saloon. This was subject to the same objection.

Complaint is also made of the misconduct of the assistant county attorney in his argument before the jury. As shown by the bill of exceptions, this officer used the following language: "Gentlemen of the jury, while you are trying this case the wives and daughters, mothers and sisters of the men and boys of Batson are down on their knees praying to God Almighty to enforce the law, and Gentlemen of the jury, unless you return a verdict of guilty your county attorney will have to say to the citizens from Batson, 'Go home and do the best you can. I am powerless to enforce the law.'" It is unnecessary for us to determine in this case how far this language was justified or whether it furnishes grounds upon which the case would be reversed, but in view of the fact that in very many cases that come before this court complaint is made, and frequently not without good reason, of the incendiary and

inflammatory speeches of State's counsel, with statements of extraneous facts, references to the failure of the defendant to testify, and other kindred matters, we feel constrained to say that more discretion and self-restraint should be used in discussions and arguments before the jury. We would not in the slightest abate the zeal of State's counsel in their efforts to enforce the law. Such zeal and the best efforts of counsel so to do are worthy of and should receive the highest commendation. Nor are we unmindful of the fact that of necessity some latitude must be allowed in argument, but it would be well to remember that it was designed that all discussions before the jury should be in respect to the facts of the case. If a fair discussion of the facts of a case does not obtain a verdict of guilty, it would usually be because a verdict of guilty ought not to be rendered and if a verdict is extorted or obtained by improper discussion, it is the duty of this court, and one that must be enforced with a strong hand, to set aside a conviction so obtained.

For the error pointed out, the judgment of the court below is reversed and the cause is remanded.

*Reversed and remanded.*