v. State, 10 Tex. 479; Hamby v. State, 36 Tex. 523; Jones v. State, 13 Tex. 168 [62 Am. Dec. 550]; Atkinson v. State, 20 Tex. 522; Farrer v. State, 42 Tex. 265; Farrell v. State, 43 Tex. 503; Hill v. State, 11 Tex. App. 456; Ellison v. State, 12 Tex. App. 557; Neyland v. State, 13 Tex. App. 536; Martinez v. State, 30 Tex. App. 129 [16 S. W. 767, 28 Am. St. Rep. 895]; Childers v. State, 33 Tex. Cr. R. 509 [27 S. W. 133]; Baltrip v. State, 30 Tex. App. 545 [17 S. W. 1106]. Again, in section 1259, he says: 'Implied malice is the essential characteristic of murder in the second degree. It is not a fact, but an inference or conclusion deducible from particular facts and circumstances judicially ascertained. Thus, when the fact of an unlawful killing is established, and there are no circumstances in evidence which show the existence of express malice, or which tend to mitigate, excuse, or·justify the act, then the law implies malice, and the offense is murder in the second degree'—citing Martinez v. State, supra; Harris v. State, 8 Tex. App. 90; Toonery v. State, 5 Tex. App. 163; Douglass v. State, 8 Tex. App. 520; Hubby v. State, 8 Tex. App. 597; Hill v. State, supra; Ellison v. State, supra; Neyland v. State, supra; Reynolds v. State, 14 Tex. App. 427; Turner v. State, 16 Tex. App. 378; Stanley v. State, 16 Tex. App. 492; Smith v. State, 19 Tex. App. 95; Hart v. State, 21 Tex. App. 163 [17 S. W. 421]; Baltrip v. State, supra. This court, in Barton v. State, 53 Tex. Cr. R. 445 [111 S. W. 1042], expressly approved and commended as admirably presenting the law on the subject a charge of which the two paragraphs first above quoted are literally the same. Mr. Branch, in his Criminal Law, § 426, in the first subdivision on page 255, gives as a correct charge substantially the first paragraph above quoted, citing Douglass v. State, 8 Tex. App. 520, Neyland v. State, 13 Tex. App. 536, supra, and Gonzales v. State, 30 Tex. App. 224 [16 S. W. 978], and then follows with a literal copy of the second paragraph as the law on the subject, and cites Barton v. State, supra; McGrath v. State, 35 Tex. Cr. R. 423 [34 S. W. 127, 941]; Smith v. State, 45 Tex. Cr. R. 553 [78 S. W. 694]; Carson v. State, 57 Tex. Cr. R. 396 [123 S. W. 590, 136 Am. St. Rep. 981]; and Harris v. State, 8 Tex. App. 90."

The charge of the court in this case was correct on this point and in accordance with the law, and appellant's objections thereto present no error. Taking the charge as a whole, which must always be done, it was an admirable announcement of the law, and presents to the jury for a finding in accordance with the evidence in the case.

The evidence clearly was sufficient to sustain the verdict. No reversible error is pointed out, and the judgment will be affirmed.

---

## JOHNSON v. STATE.

(Court of Criminal Appeals of Texas. Dec. 10, 1913.)

1. CRIMINAL LAW (§ 1206*) — PUNISHMENT — INDETERMINATE SENTENCE LAW—EFFECT OF INVALIDITY.

The indeterminate sentence law passed at the regular session of the 33d Legislature (Acts 33d Leg. c. 132) having been declared unconstitutional, accused, charged with murder alleged to have been committed October 1, 1901, for which he was placed on trial in July, 1913, was entitled as of right to have his punishment assessed by the jury, as provided by Code Cr. Proc. 1911, art. 750.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3271–3277, 3279, 3280; Dec. Dig. § 1206.*]

2. HOMICIDE (§ 313*)—DEGREES—PUNISHMENT.

Where the law relating to murder as it existed in 1901, when the crime for which accused was placed on trial was committed, provided a different punishment for murder committed on express malice from that committed on implied malice, he was entitled to have the jury find whether the offense had been committed on express or implied malice, and to have his punishment assessed accordingly.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 671–675; Dec. Dig. § 313.*]

3. HOMICIDE (§ 300*) — SELF-DEFENSE — INSTRUCTIONS.

In a prosecution for homicide, an instruction on self-defense requiring the jury to find affirmatively that, at the time defendant shot, he believed he had been actually assaulted and struck on the head with a hoe, and that he shot deceased in good faith, etc., in order to entitle him to rely on self-defense, was erroneous; such defense being made out if the jury believed, or had a reasonable doubt, that such state of facts existed.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 614, 616–620, 622–630; Dec. Dig. § 300.*]

Appeal from District Court, Smith County; J. A. Bullouch, Special Judge.

William Johnson was convicted of murder, and he appeals. Reversed and remanded.

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. The appellant in this case was indicted, charged with murder, at the fall term, 1901, of the district court of Smith county, alleging that on the 1st day of October, 1901, with malice aforethought, he did kill John Woods by shooting him with a pistol. He was not located nor arrested until in October, 1912, 11 years after the indictment was returned. He was not placed on trial until in July of this year, the verdict being returned on July 16, 1913; the jury returning the following verdict: "We, the jury, find the defendant guilty of murder," assessing no punishment. The court, under this verdict, sentenced appellant to penal servitude in the penitentiary for any term of years not less than five nor longer than his natural life.

[1] Appellant, at the time the charge was given, when the verdict was returned, and

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

in the motion for a new trial, objected to the action of the court in his charge authorizing the return of this character of verdict, and to the action of the jury in returning a verdict in which no penalty is assessed, and to the action of the court in itself assessing the punishment to be undergone by appellant. In the case of Ex parte Randell Marshall, 161 S. W. 112, recently decided, but not yet reported, we held the indeterminate sentence law, as passed by the regular session of the 33d Legislature (Acts 33d Leg. c. 132), void for the reasons stated in appellant's sixth bill of exceptions; and, while in a number of other bills of exceptions appellant states a number of other reasons why he thinks the law void, we do not deem it necessary to discuss these other grounds. And, having held the first indeterminate sentence law void, appellant had the right, as contended by him in his third bill of exceptions, to have the jury and not the trial judge assess the punishment he should undergo for this violation of the law. Article 750 of the Code of Crim. Proc. (1911 Revision).

[2] Again, appellant contends that, as he was charged with having committed an offense (murder) in 1901, when the laws of this state prescribed a different punishment for murder committed upon express malice from that committed upon implied malice, he had a right to have the jury determine whether if appellant was guilty of murder, he had committed it upon express malice or implied malice. As the law now in force assesses the same punishment for murder, whether committed upon express or implied malice, and the punishment may be more severe for murder committed upon implied malice than could have been inflicted when he is alleged to have committed the crime, then he had the right to have the jury determine whether or not the offense of murder was committed upon express or implied malice, and, if they determined it was committed upon implied malice, to have them instructed to inflict the punishment in accordance with the law in force at the time he is alleged to have committed the offense. This contention is the law of the state, and the court should have so instructed the jury. Articles 15, 16, 17, and 18 of the Penal Code.

[3] On the law of self-defense, in paragraph 12 of the charge, the court required the jury to find affirmatively that at the time he shot he believed "he had been actually assaulted and struck in the head with a hoe, and that he shot the deceased, in good faith, etc." Then he would be justified in shooting deceased. The law of this state does not authorize the court to instruct the jury that they must find that the defendant "acted in good faith," under such circumstances, nor that they must find the facts affirmatively. The law is, if the jury believe or have a reasonable doubt that such state of facts may have existed, then the defendant would be entitled to act.

The other matters in the record before us need not be discussed, as they present no error, but, on account of the errors above referred to, the case is reversed and remanded.