CONLEY SIMMONS V. THE STATE.

No. 2924. Decided February 25, 1914.

Rehearing denied March 18, 1914.

1.—Assault to Murder—Motion for New Trial—Bill of Exceptions.

A bill of exceptions reserved to the action of the court in overruling the motion for new trial adds no verity to the motion.

2.—Same—Conduct of District Attorney.

In the absence of a bill of exceptions, the complaint that the district attorney waved the pistol before the jury during his argument can not be considered, when for the first time raised in the motion for new trial.

3.—Same—Objections to Charge of Court.

Under the recent law objections to the charge of the court must be made before the same is read to the jury, and where this is not done, and the question is for the first time raised in the motion for new trial, the same can not be considered on appeal.

4.—Same—Indeterminate Sentence Law—Punishment.

Under the Indeterminate Sentence Law as it now stands, the court correctly required the jury to assess the punishment.

5.—Same—Charge of Court—Aggravated Assault.

Where, upon trial of assault to murder, the court's charge upon adequate cause was applicable to the evidence and no special charge was requested, there was no error, and an objection to the court's charge presented for the first time in the motion for new trial can not be considered.

6.—Same—Sufficiency of the Evidence.

Where, upon trial of assault to murder, the evidence sustained the conviction, there was no reversible error.

7.—Same—Bill of Exceptions—Motion for New Trial.

A bill of exceptions to the overruling of a motion for new trial does not take the place of a bill of exceptions to proceedings during trial and does not present the matter for review.

8.—Same—Sentence—Punishment—Reforming Judgment.

Where the jury assessed defendant's punishment, and the court omitted under the Indeterminate Sentence Law to sentence him, this court will correct and reform the judgment and sentence to comport with the verdict.

Appeal from the District Court of Newton. Tried below before the Hon. A. E. Davis.

Appeal from a conviction of assault to murder; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Force & Wigley* and *J. M. Reagan,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of as-

sault to murder, and his punishment assessed at three years confinement in the State penitentiary.

No exceptions were reserved to the introduction or rejection of any testimony as shown by the record. The only bill of exceptions in the record is one reserved to the action of the court in overruling his motion for a new trial. This adds no verity to the motion for new trial, and only such questions can be considered which were authorized to be presented for the first time in the motion for a new trial.

It appears from the record that a singing convention and barbecue was being held on the first of last June, when two boys, D. Jones and Doody Smith got into a fight. From this occurrence a difference arose between appellant and Ira Coleman, a deputy sheriff. Appellant approached the deputy and laid his hands on his shoulder, when the deputy shoved him off. Appellant started toward the deputy again, when the deputy kicked him, as did also Joe Thomas. Appellant then remarked, so some of the witnesses say, "he would go back in the house, get his gun and kill the son-of-a-b—h." He did go in the house, get his pistol, come out, threw it down on Coleman and snapped it, but it failed to fire. He then retreated back in the house.

Appellant contends that the court erred in letting the district attorney "wave the pistol before the jury during his argument." That the district attorney did do this is not verified by any bill of exceptions. It is complained of for the first time in the motion for a new trial, and comes too late. To enable us to review the question appellant should have objected at the time it occurred, if it did occur, and presented a bill of exceptions. Not having done so, we can not review this ground in the motion for new trial.

This case was tried on the 24th day of last September, three months after the law passed by the last Legislature in regard to complaints of the charge of the court went into effect. By that Act it was provided that before reading the charge to the jury, the court is required to submit the charge to counsel, and counsel then is required to submit any objections he has to the charge in writing. Appellant made no objections to the charge before it was read to the jury, and made no complaint of the charge, as shown by this record, until after verdict. This law was passed requiring counsel to make objections before the charge is read that the court may correct any errors, if errors there be, in the charge. Complaints can no longer be made for the first time in the motion for a new trial. We discussed this matter at length and cited the authorities recently in the case of James v. State, 72 Texas Crim. Rep., 457, which is here referred to.

The first indeterminate sentence law was declared invalid, and the court correctly required the jury to assess the punishment.

While the court's charge in presenting the issue of aggravated assault may be subject to some criticism in that it did not as fully define "adequate cause" as applicable to the testimony as he should have done, yet

as hereinbefore stated, the charge in and of itself as far as it went is not erroneous—it may not be as full as appellant would have preferred, yet appellant asked no special charge, made no objection to the charge as given until after verdict, and it is just such matters as these that the Legislature has declared can not be presented for the first time in the motion for a new trial.

The evidence we think is ample to support the verdict, for if appellant's pistol had not snapped, it is apparent that he would have killed the deputy sheriff, and after he had snapped his pistol, if he had not been surrounded by his wife and children, the deputy would most likely have shot him. It is such scenes as this, going and arming one's self and returning to the scene to engage in a fatal encounter, that the law intends to prevent and punish.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### March 18, 1914.

HARPER, JUDGE.—Reserving a bill of exceptions to overruling a motion for new trial does not take the place, nor will it answer in lieu of a bill of exceptions to proceedings had upon the trial of a case, and those matters which appellant seeks to raise by reserving a bill of exceptions to overruling the motion for new trial, and to which an exception should have been reserved during the trial at the time they occurred, do not present the matter in a way we can review them.

Appellant in his motion for a new trial complained that the court erred in requiring the jury to assess the punishment. Since we called his attention to the fact that the first indeterminate sentence law was held invalid, he, in his motion for rehearing, insists that the court should have pronounced sentence in accordance with the terms of the indeterminate sentence law last passed, and in this he is correct. As the jury assessed his punishment at three years confinement in the State penitentiary, the court should have sentenced him to imprisonment in the penitentiary for a period of time not less than two nor more than three years, and the sentence is here now corrected and reformed to so read.

The motion for rehearing is overruled.

*Overruled.*