Ex parte PRUITT. (No. 4652.)

(Court of Criminal Appeals of Texas. Nov. 7, 1917.)

1. INFANTS ⊜⟿12—DELINQUENTS — STATUTE —VALIDITY.

The juvenile delinquent law (Vernon's Ann. Code Cr. Proc. 1916, art. 1195 et seq.), taking cognizance of the youth of offenders against the criminal laws and framed with respect to the inconsiderate acts of youth, and providing that a juvenile offender committing what would otherwise be a felony shall be punishable only by commitment to some institution for a term not beyond his majority, etc., is a proper exercise of legislative power.

2. CRIMINAL LAW ⊜⟿13 — JUVENILE DELINQUENCY—STATUTE—CERTAINTY—VALIDITY.

The juvenile delinquent law, providing that when a male under 17 charged with a felony shall file a sworn written statement that he is under that age, the prosecution for felony shall be dismissed, and he shall be tried under the complaint and information as a delinquent, and that if found to be a delinquent, and the sentence is not suspended, he shall be committed to the state industrial home for boys upon an indeterminate sentence not extending beyond his majority, and defining a delinquent child, and protecting him in his right to trial by jury, and requiring the proceeding to be begun by sworn complaint and information, prescribing the requisites of the complaint and notice and service and commitment, is not so indefinite and uncertain within Pen. Code 1911, art. 6, as to be invalid and inoperative.

3. INFANTS ⊜⟿16—JUVENILE DELINQUENT— JURY TRIAL—PUNISHMENT.

The juvenile delinquent law, fixing the maximum and minimum punishment and giving a right to trial by jury, requires that the jury shall fix the punishment in view of Vernon's Ann. Code Cr. Proc. 1916, art. 770, requiring that the verdict must not only declare defendant's guilt. but assess the punishment where none is absolutely fixed by law, and a commitment by the court to the Texas training school for boys for not less than 2 nor more than 4 years was unauthorized and void.

Prendergast, J., dissenting.

Original application for writ of habeas corpus by Walter Pruitt. Petitioner discharged.

W. E. Taylor, of San Angelo, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

MORROW, J. The relator was charged by indictment with the offense of burglary, which is a felony. He filed in the district court a written sworn statement that he was under 17 years of age, as required by article

1195, C. C. P., and proved by evidence that he was under 17 years old. Thereupon the court dismissed the prosecution, and the complaint and information were filed charging that the relator was a delinquent child and a male person under the age of 17 years, and stating additional facts sufficient to allege that he had committed a burglary. On his trial before a jury he was found guilty of being a delinquent child, but no punishment was fixed by the jury. The issue of suspended sentence was submitted, but not referred to in the verdict. In the judgment the court uses the following language:

"It is further ordered, adjudged and decreed by the court that he, the said Walter Pruitt, be punished by confinement in the Texas training school for boys, and that he be confined in said Texas training school for boys for a term of years not less than two nor more than four years."

Relator, detained under this judgment, makes application to this court for an original writ of habeas corpus, claiming: (a) That the law under which the prosecution is founded is so indefinitely framed as to be unintelligible, and therefore void; (b) that the court failed to submit to the jury the question of punishment, and submitted only the question of guilt or innocence; (c) that the information is insufficient in that it charges a felony.

[1] The law in question (title 17, p. 985 et seq.) in some of its parts is more or less vague, and it may be found that some of its provisions are not enforceable. In the main, however, this is not true, and in so far as it touches the questions involved in this application is, we think, sufficiently definite. Laws relating to the subject of juvenile delinquents, while modern in their development, are founded upon ancient principles. Many precedents in the common law are found for legislation taking cognizance of the youth of offenders against the criminal laws as well as laws relating to civil contracts. Among these is the common-law rule prohibiting the punishment as a felon of a child under 17 years of age, and the laws touching the contracts of minors. The statutes of this state have been framed with respect to the inconsiderate acts of youths in many instances, and have carefully guarded against their punishment, as instance, articles 34 and 35 of the Penal Code, placing limitations upon circumstances under which they may be punished, and the extent of the punishment. The general idea of delinquent acts similar in principle to that under consideration has been accepted by the courts of the various states as a proper exercise of legislative authority. Wharton on Crim. Law, § 364, p. 481; also sections 369, 370; In re Sharp, 15 Idaho, 120, 96 Pac. 563, 18 L. R. A. (N. S.) 886, and notes; 22 Cyc. 520, 521; Am. & Eng. Ann. Cas. 76; Hunt v. Wayne Circuit Judges, 142 Mich. 93, 105 N. W. 531, 3 L. R. A. (N. S.) 564, 7 Ann. Cas. 821; State ex rel. Miller v. Bryant, 94 Neb. 754, 144 N. W. 804; State ex rel. Spritka v. Parsons, County Judge, 153 Wis. 20, 139 N. W. 825.

[2] Article 1195 of title 17 (Vernon's Ann. Code Cr. Proc. 1916) is specific in stating:

(1) That when a male under the age of 17 charged with felony shall file a sworn written statement that he is under 17, and this on investigation by the court is found true, that the prosecution for felony shall be dismissed and the accused prosecuted under complaint and information as a delinquent.

(2) That if found to be a delinquent and the sentence not suspended "as provided in the laws of this state in cases of felony," he "shall be committed to the state industrial school for boys upon an indeterminate sentence," which shall not extend beyond the time when he will reach "the age of twenty-one years."

(3) That his conviction and detention shall not deprive him of civil rights when he reaches his majority.

(4) Article 1197, C. C. P., defines a delinquent child as follows:

"The words 'delinquent child' shall include any male child under seventeen years of age, or any female child under eighteen years of age, who violates any laws of this state, or any city ordinance; or who is incorrigible; or who knowingly associates with thieves, vicious or immoral persons; or who knowingly visits a house of ill repute; or who knowingly patronizes or visits any place where any gambling device is or shall be operated; or who patronizes any saloon or place where any intoxicating liquors are sold; or who habitually wanders about the streets in the nighttime without being on any business or occupation; or who habitually wanders about any railroad yards or tracks; or who habitually jumps on or off of any moving train, or enters any car or engine without lawful authority; or who is guilty of immoral conduct in any public place. Any child committing any of the acts herein mentioned shall be deemed a 'delinquent child,' and shall be proceeded against as such in the manner hereinafter provided."

(5) Article 1198 protects the accused in the right of trial by jury.

(6) Article 1199 requires the proceeding to be begun by sworn complaint and information "filed by the county attorney as in other cases under the laws of the state."

(7) The requisites of the complaint are named declaring that it shall state the acts committed in a general way which constitute the accused a delinquent child.

(8) Article 1200 provides for notice and service.

(9) Article 1203 provides for commitment.

[3] This is a sufficient statement of the provisions of the law involved in this proceeding, and, as above stated, are, we think, sufficiently specific to sustain it in its application to the facts of this case. We find nothing in article 6 of the Penal Code, nor in the decisions construing it which, in our opinion, would justify the condemnation of the provisions of the law mentioned as void for want of certainty. The law fixes the maximum

and the minimum of the punishment, namely, an indeterminate period not extending beyond the time that the juvenile will reach the age of 21 years. The law giving the right to trial by jury, we think, implies and requires that the jury shall fix the punishment. O'-Conner v. State, 37 Tex. Cr. R. 267, 39 S. W. 368; Johnson v. State, 72 Tex. Cr. R. 178, 161 S. W. 1098; Smith v. State, 72 Tex. Cr. R. 206, 162 S. W. 835; Williamson v. State, 72 Tex. Cr. R. 618, 163 S. W. 435; Simmons v. State, 73 Tex. Cr. R. 288, 164 S. W. 843; Link v. State, 73 Tex. Cr. R. 82, 164 S. W. 987, and Vernon's C. C. P. art. 770, wherein it is declared that the verdict against the defendant must not only declare him guilty, but in addition thereto shall assess the punishment in all cases where the same is not absolutely fixed by law to some particular penalty. The terms of article 1195 are conclusive, we think, that the amount of the punishment within the limits named is for the jury and not the court, otherwise the reference therein to the suspended sentence law would be nugatory.

The information states that the relator was a delinquent child, a male person under the age of seventeen years, and states facts making him a delinquent, viz. that he has committed an act which, if he were above that age, would constitute him guilty of burglary, fully describing the delinquent act. The judgment fixing the term of his punishment is void. There is an entire absence of power on the part of the judge to fix the punishment. Such is the holding of this court in Ex parte Marshall, 72 Tex. Cr. R. 83, 161 S. W. 112; the holding being that a judgment so entered is void in the sense that it will not be available in a plea of former jeopardy. Marshall v. State, 73 Tex. Cr. R. 531, 166 S. W. 722, reported and annotated also in L. R. A. 1915A, p. 527. See, also, In re Cica, 18 N. M. 452, 137 Pac. 598, 51 L. R. A. (N. S.) 373, and annotations, and In re Taylor, 7 S. D. 382, 64 N. W. 253, 45 L. R. A. 136, 58 Am. St. Rep. 843, and notes. The court held the verdict and judgment void, because the act of the Legislature authorizing it was void. That act was held bad because in conflict with article 770, supra, which requires that the punishment shall be fixed by the jury. Such a judgment being void, when the Legislature has made an attempt to authorize it, must for quite as strong a reason be void when it is rendered without the support of any act of the Legislature, and in direct opposition to the statute declaring that the jury and not the court shall name the punishment.

Following these authorities the relator is ordered discharged in so far as he may be held in custody by reason of the judgment mentioned.

PRENDERGAST, J., dissents.