ASLEE WATSON v. THE STATE.

No. 5764. Decided April 7, 1920.

1.—Murder—Motion for New Trial—Rule Stated. '

A bill of exception taken to the overruling of a motion for a new trial, will not suffice to bring up for review proceedings had upon the trial, to which exceptions should have been taken at the time of their occurrence. Miller v. State, 59 Texas Crim. Rep., 249, and other cases.

2.—Same—Objections to Charge of Court—Rules Stated.

In the absence of objection taken to the charge of the court before the argument of counsel, exceptions thereafter come too late and will not be considered on appeal.

3.—Same—Sufficiency of the Evidence.

Where, upon trial of murder and a conviction of said offense, the evidence supported the conviction, there is no reversible error.

Appeal from the District Court of Houston. Tried below before the Honorable John S. Prince.

Appeal from a conviction of murder; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted of murder, in the District Court of Houston County, and her punishment fixed at ten years confinement in the penitentiary.

No brief is on file for appellant, and the record contains but one bill of exceptions, which was reserved to the action of the court below, in overruling appellant's motion for a new trial. Examining said motion, we find in same, several complaints of errors said to have been committed by the admission of illegal testimony; and also complaints of the misconduct of the jury, and other matters occurring upon the trial.

It seems to be the uniform holding of this court, that a bill of exceptions taken to the overruling of a motion for new trial, will not suffice to bring up for review proceedings had upon the trial, to which exceptions should have been taken at the time of their occurrence. Lerman v. State, 40 S. W. Rep., 286; Miller v. State, 59 Texas Crim. Rep., 249; Golden v. State, 66 Texas Crim Rep., 266, 146 S. W. Rep., 945; Wingate v. State, 69 Texas Crim Rep., 234, 152 S. W. Rep., 1078; Simmons v. State, 73 Texas Crim. Rep., 288, 164 S. W. Rep., 843; Walker v. State, 73 Texas Crim. Rep., 99, 164 S. W. Rep., 3.

Complaint is also made in said motion, of certain portions of the charge of the court below. It appears that no exceptions were taken to said charge before the argument, such as is required by our statutes. We are compelled to hold that this complaint comes too late.

It is also insisted that the verdict is contrary to the law and the evidence. All the parties were negroes, and there is evidence which makes apparent the fact that appellant was keeping company with deceased, as was also another negro by the name of Campbell. Appellant claimed upon the trial that deceased had made some threats against her, in connection with her being with the negro Campbell. and she says that a short time before she shot deceased, he struck her with his fist; and she assigns that fact as the motive for the shooting. It appears from the State's evidence that appellant was called out of the house where she was by deceased, twice on the night of the homicide, and shortly before the same. Witnesses who heard them talking, said that deceased talked in a quite voice, but that appellant talked loud. Witness Mary Davis testified that just before the shooting, she heard appellant say to deceased, substantially, that he kept on messing around with these other women, and then coming and messing around her, and she was going to kill him. No arms of any kind were found on deceased, nor did appellant claim to the parties with whom she talked first after the shooting, that he made any kind of attack or assault upon her. The weight of the evidence is primarily for the jury, and there appearing facts sufficient to justify the verdict, we cannot uphold this contention.

No error appearing in the record, the judgment will be affirmed.

*Affirmed.*