ROY TAYLOR v. THE STATE.

No. 7490. Decided March 14, 1923.

1.—Vagrant—Evidence.

If it be granted that the fact that the chief of police had directed his subordinates to check up the hotels was not competent, it is not deemed of a character to justify a reversal, in the light of the record.

2.—Same—General Reputation—Place of Prostitution—Rule Stated.

While the circumstances under which evidence of the reputation of a house may be received has often been the subject of judicial enquiry, expression, and opinion both in this and other states, yet in a prosecution for keeping a bawdy-house, evidence of the general reputation of the house and its inmates may be received in evidence, and while such evidence is not sufficient to establish the fact that the house is a bawdy-house, it is ad-

missible in aid of additional circumstances: Following Ramey v. State, 39 Texas Crim. Rep., 200, and other cases.

### 3.—Same—Husband and Wife.

There was no error in admitting evidence to the effect that the defendant and his wife were running the hotel in question.

### 3.—Same—Evidence—Husband and Wife.

Proof that one of the occupants of the house had in his possession a couple of quarts of whisky was part of the *res gestae* and admissible to the prosecution for vagrancy; as also the testimony of the chief of police that one of the inmates was a prostitute.

### 5.—Same—Rehearing—Reputation of House—Rule Stated.

It is settled beyond necessity for discussion that in cases wherein the charge is vagrancy, founded on the keeping of a disorderly house that the reputation of the house as such may be proved by witnesses for the State who properly qualify.

### 6.—Same—Evidence—Intoxicants—Election by State.

Where, upon trial of vagrancy,. the complaint charged defendant with being a vagrant in many ways, the limitation of the court's charge to the consideration to the question of prostitution did not prohibit the introduction of evidence of the presence on the premise of intoxicating liquor, under the complaint, and there being no showing of election by the State, there is no reversible error.

Appeal from the County Court of Wichita. Tried below before the Hon. Guy Rogers.

Appeal from a conviction of vagrancy; penalty, a fine of two hundred dollars.

The opinion states the case.

*Davenport & Thornton* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The conviction is upon an averment that the appellant was a vagrant in that he was the keeper of a house of prostitution; punishment fixed at a fine of two hundred dollars.

It is made plain from the evidence that the appellant and his wife were keeping a certain hotel; and there is evidence that it was a house of prostitution. A recital of the details is deemed unnecessary. The Chief of Police testified, over objection, that he issued orders to check up on the hotels and the characters of people who frequented them. It is also shown by the statement of facts that the Chief of Police and his subordinates visited the hotel kept by the appellant. He described the conduct of the appellant and his wife and other parties on the premises. Among other things,

he described the conduct of a woman on the premises whom he knew to be a prostitute. This testimony was not made the subject of objection, and if it be granted that the fact that the Chief of Police had directed his subordinates to check up the hotels was not competent, it is not deemed of a character to justify a reversal in the light of the record.

Objection was also urged to the testimony touching the reputation of the Westland Hotel as a place of prostitution. The circumstances under which evidence of the reputation of a house may be received has often been the subject of judicial inquiry, expression and opinion, both in this and other states. In a prosecution for keeping a bawdy house, evidence of the general reputation of the house and its inmates may be received in evidence. Branch's Ann. P. C., Sec. 1069. Such evidence is not sufficient to establish the fact that the house is a bawdy house, but it is admissible in aid of additional circumstances. Ramey v. State, 39 Texas Crim. Rep. 200; O'Brien v. State, 35 Texas Crim. Rep. 432. It is not competent, however, to prove by general reputation that the accused was the keeper of a bawdy house. Allen v. State, 15 Texas Crim. App. 320; Owens v. State, 53 Texas Crim. Rep. 1; Machen v. State, 53 Texas Crim. Rep. 115; and other cases listed by Mr. Branch in his Ann. Tex. P. C., p. 608. Under these authorities, the testimony touching the reputation of the Westland Hotel was apparently properly received.

There was no error in admitting evidence to the effect that the appellant and his wife were running the hotel. They were conducting it, and a number of employees testified that they were in possession of it, and Mrs. Taylor admitted in the presence of the appellant that they were conducting it.

Proof that one of the occupants of the house had in his possession a couple of quarts of whisky we think was part of the res gestae, and its receipt was not improper. Complaint that it was proof of a separate offense seems not tenable. The person who had the whisky apparently was a guest in the house, and there is nothing in this proof which indicated that the appellant was in the unlawful possession of whisky; nor was there error in admitting the testimony of the Chief of Police that one of the inmates of the hotel was, within his knowledge, a prostitute. The evidence was admissible. Moreover, the same fact was proved by other witnesses without objection.

Finding no error in the record, an affirmance of the judgment is ordered.

*Affirmed.*

## On Rehearing.

### April 25, 1923.

LATTIMORE, Judge.—Appellant files an urgent motion for rehearing setting up various grounds of error, each of which has been considered again by us.

We think it settled beyond necessity for discussion that in cases wherein the charge is vagrancy founded on the keeping of a disorderly house, that the reputation of the house as such, may be proven by witnesses for the State who properly qualify. When it is an issue whether the accused owns or controls the house charged to be one for prostitution, and a witness states that he knows who is running the house and names such party, we are not able to appraise the weight of an objection to such testimony based on the proposition that it is a conclusion. It may or may not fall within such category. If the cook, clerk, other employe in such house or any other person should be asked if he knew who was conducting said house and answered positively and affirmatively, we would not think it subject to such objection. If the objector be not satisfied with the knowledge of the witness, it would seem that he might protect himself under the domain of cross-examination.

Appellant again renews his complaint of testimony of the fact that on the occasion of a raid of the premises alleged to be kept as a disorderly house, a man was standing in the place with a couple of quarts of whisky. The complaint in this case charged appellant with being a vagrant in many ways enumerated under the statute, and while the charge of the court limited the jury's consideration to the question of vagrancy as made out by being a keeper of a house of prostitution, it also appeared in the complaint that he was charged with being a vagrant, to-wit: a person who unlawfully solicited orders for intoxicating liquors. It would seem that evidence of the presence on the premises of intoxicating liquor would be pertinent to that portion of the charge at least, and may have been introduced prior to the election by the State of a particular part of the complaint on which it relied. Appellant's complaint in this regard seems without merit. The conduct, condition, acts and statements of the woman Jack Smith, all tending to show her dissolute character and that she was a lewd woman and a prostitute, were admissible in support of the State's contention that appellant's vagrancy was based upon his keeping a house of prostitution. The character of the inmates of the house determines that of the house itself. The same thing is true of the testimony shown by appellant's bill of exceptions No. 7.

Being unable to agree with appellant's contentions as made in his motion for rehearing, same will be overruled.

*Overruled.*