## RICHARD LAWRENCE v. THE STATE.

No prescribed formulary is necessary to constitute the taking of an appeal in a criminal case ; but the party must, in some way, manifest his determination not to abide the decision, but to invoke a revision of the judgment, by the appellate Court ; that is, he must appeal ; and that he has done so, must appear by the record.

A writ of error does not lie in a criminal case.

Error from Cherokee. The plaintiff in error was convicted, at the Spring Term, 1854, of murder in the second degree, and sent to the penitentiary for ten years. There was no entry in the record, of any action by the convict, during the Term, indicative of an intention to appeal. This writ of error was obtained in the ordinary mode pursued in civil cases, by application to the Clerk. The Attorney General moved to dismiss, for want of jurisdiction.

*Attorney General*, for motion to dismiss. In the cases of White v. The State, of Galveston, 1854, and of Alexander v. The State, Tyler 1854, which have been supposed to rest upon the same grounds with this, as to their claim to jurisdiction here, appeals were prayed and not granted below, because of the inability of the appellants to give the required security, upon recognizances, which were then required by the letter of the law, on appeals in all bailable cases. But long before the trial of this party the law was changed in this respect, not only permitting, but requiring the defendant to be remanded to prison, upon an appeal in a case of felony, which this is. (Criminal Law, Feb. 9, 1854, Cap. 49, Sec. 57, p. 68 ; Id. Sec. 83, p. 71.) It is true, it was held in Hammons' case, (8 Tex. R. 272,) while the recognizance rule of security existed in all cases not capital, that notice or prayer of appeal was not essential to an appeal to this Court by the defendant in a criminal case ; but now, especially, where no recognizance can legally be found in the record, in a case of this grade, to indicate an intention of appealing, when a defendant does not ask to be remanded to the common jail, as is the requirement of the law upon an appeal in case of felony ; but on the contrary, instead of intimating a design to appeal and asking, as would be his legal right, that the sentence be withheld till he could prosecute the same, quietly permits the sentence to be pronounced, and put in execution, by his being conveyed to and confined in the Penitentiary, and produces here, as his title deed to jurisdiction on appeal, the certificate of his receipt in that institution in execution of the final sentence of the law. The case is plainly, then, one of a writ of error, as in Barber's case,* prosecuted and petitioned for, after sentence pronounced and put in execution, instead of one of an attempted appeal, as in White's and Alexander's cases, prayed for before sentence.

---

* Referred to by the Attorney General, in the motion to dismiss, as having been decided at Austin, in 1853. We presume there was no opinion delivered in that case, which would account for its not being reported. REPS.

*Hood* and *Wiggins, contra.* The Constitution gives the right of appeal, subject to such regulations as the Legislature may prescribe ; and the Legislature has directed what a party in a criminal case shall do, to obtain an appeal. Then the question is narrowed down to this : Has Richard Lawrence complied with the requisitions of the Legislature ? We take it for granted, that, on the general principle of law, that " all reasonable doubts are to operate in favor of the accused," this Court will require absolutely nothing of the criminal, that is not plainly required of him by law, to entitle him to appeal.

Hartley's Digest, Art. 469, points out the first steps to be taken by the party desiring an appeal, " that such decision, order or charge may be revised upon appeal to the Supreme Court." This record contains bills of exceptions, with approved statement of facts duly signed, &c.

By complying with this section of the Statute, the party makes the only prayer for an appeal, and the only notice of an appeal, that the law requires. To say that the party should make any other prayer or any other notice of his appeal, would, in truth, be requiring something that the Legislature has nowhere imposed. This Court has, as we think, very correctly ruled in the case of Hammons v. The State, (8 Tex. R. 272,) that express entry of notice of appeal is not requisite in criminal cases, for the very cogent and unanswerable reason, that the Statute does not expressly require it.

WHEELER, J. We have attentively considered the argument of counsel for the appellant, in support of the right to take jurisdiction of the case, as upon appeal ; and are of opinion that it cannot be maintained. The apellate jurisdiction in criminal cases, having been conferred by the Constitution, " with such exceptions and under such regulations as the Legislature shall make ;" and the Legislature having provided the mode in which appeals shall be taken in such cases, the prescribed mode must be pursued. In White v. The State, (11

Tex. R. 769,) and Alexander v. The State, (12 Id. 540,) the appeal was entertained without a recognizance, because the appellants were committed to prison and there held in confinement, and the giving of a recognizance therefore would have been of no effect, but a merely useless and nugatory act. But in those cases, it appeared by the record, that the parties had appealed. And cases have been invariably dismissed, where it did not so appear. In the case of Alexander v. The State, a writ of error was prosecuted. But that was considered of no consequence, as the defendant had appealed from the judgment of the Court. To enable the Court to entertain jurisdiction in a criminal case, the party aggrieved by the decision of the Court, must appeal from the final judgment of conviction. (Shannon v. The State, 7 Tex. R. 492.) It is not enough, that he may have taken his exceptions to the rulings of the Court, upon the trial. The taking of these does not constitute, but is only preparatory to, an appeal ; which the party may intend, in case of his conviction, but may, on reflection, decline to take. No prescribed formulary is necessary to constitute the taking of an appeal ; but the party must, in some way, manifest his determination not to abide the decision, but to invoke a revision of the judgment, by the appellate Court ; that is; he must appeal ; and that he has done so, must appear by the record, to enable this Court to revise the judgment of the District Court in a criminal case. It not so appearing in the present case, the motion to dismiss must prevail ; and the writ of error be dismissed.

Writ of error dismissed.