## WILLIAM FAIRCHILD v. THE STATE.

In order to perfect an appeal, in a criminal case, notice thereof must be given in open court, and the same must be entered of record; if a misdemeanor, the defendant is required to enter into a recognisance, but the existence of the recognisance in the record, will not supply the want of such notice, and of the entry thereof, which are made the evidence of record, and the test, as to whether the appeal has been taken or not.

APPEAL from Tyler. Tried below before the Hon. James M. Maxcey.

This was an indictment for gaming with cards, at a public house. Plea, "Not guilty;" there was a trial, verdict of guilty, and judgment for the amount of the fine and costs. A motion for new trial was overruled, and the defendant entered into a recognisance for an appeal, conditioned as prescribed by the Code of Criminal Procedure.

It did not appear from the record, that the defendant gave notice of appeal, or that any entry thereof was made.

In the Supreme Court, the attorney-general moved to dismiss the case, because the appeal had not been perfected by notice given in open court, and entry thereof made of record.

*B. C. Franklin*, for the appellant.

*Attorney-General*, for the appellee.

ROBERTS, J.—The motion to dismiss this appeal must be sustained.

In the Code of Criminal Procedure it is provided, that "an appeal is taken by giving notice thereof in open court, and having the same entered of record." (Art. 726.)

This notice, and the entry of it, are made the evidence of record, that an appeal has been taken. It must be perfected by a recognisance in cases of misdemeanor. (Art. 722–3.) Such recognisance being found in the record in this case, renders it probable that the notice was given, or intended to be given. But the positive language of the code forbids the indulgence of this presumption, in the absence of the entry, which is so point-

edly made the test, by which it is to be determined, whether an appeal has been taken or not.    Motion sustained.

Appeal dismissed.