### ARTHUR LEWIS v. THE STATE.

*No. 535.    Decided February 13.*

1. **Statement of Facts Filed Nunc pro Tunc After Appeal—Jurisdiction—Practice.**—Where on appeal the statement of facts could not be considered, because filed without an order after adjournment of the term, and the judgment below was affirmed, *Held*, that subsequent to said affirmance the trial court had no jurisdiction and no authority to enter an order nunc pro tunc allowing ten days in which to file the statement of facts; and such statement of facts will not be considered on rehearing by this court.

2. **Same—Effect of an Appeal—Construction of Statute.**—The Code of Criminal Procedure, article 849, provides, that the effect of an appeal is to suspend and arrest all further proceedings in the trial court; but makes provision for the substitution in said court of records which have been lost or destroyed after notice of appeal. *Held*, that the entry of a judgment nunc pro tunc is not the substitution of a lost or destroyed record, and is void, since the statute deprives the trial court of all jurisdiction, except for the purposes stated, when the appeal has once gone into effect.

APPEAL from the County Court of Ellis. Tried below before Hon. D. F. SINGLETON, County Judge.

This appeal is from a conviction for "shooting craps," where the punishment assessed was a fine of $10.

The court on appeal affirmed the judgment, and would not consider the statement of facts, because filed without an order of court to that effect, after adjournment of the term.

After this affirmance, the following proceedings were had in the County Court at a subsequent term:

"COUNTY COURT, CRIMINAL MINUTES, JANUARY TERM, 1895.

"In County Court, Ellis County, Texas, January Term, 1895.—Tuesday, January 29, 1895. ·

"THE STATE OF TEXAS
    "v.                                                      "4033.
"ARTHUR LEWIS.

"The motion of defendant to correct and supply an omission in the record coming on to be heard, and it appearing to the court, that at the October Term, 1894, leave was asked and granted for ten days after the adjournment of the court to file a statement of facts, as shown by an entry made on the judge's docket in said cause during said term of the court; it is therefore ordered, that said order allowing ten days after the adjournment of court of said October Term, 1894, to file a statement of facts, be now entered on the minutes of said court as of date October 20, 1894, the date when it appears from the judge's docket said order was in fact made."

Appellant moved for a rehearing in the Court of Criminal Appeals, and that the said statement of facts be considered on the rehearing. This motion was overruled and the hearing refused. Appellant then filed a second motion for a reconsideration of the rulings upon the former motion, and for rehearing.

*M. A. Templeton*, for appellant, on the motion for reconsideration and rehearing, cited Blum v. Neilson, 59 Texas, 378; Ball, Hutchings & Co. v. Collins, 66 Texas, 467; Hickey v. Behrens, 75 Texas, 495.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted for playing craps, a game played with dice. The statement of facts, having been filed after the adjournment of court for the term, can not be considered, because the record fails to show an order for that purpose. The sole ground urged for reversal is the want of sufficient evidence to sustain the conviction.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.

ON MOTION FOR REHEARING.

DAVIDSON, JUDGE.—The judgment herein was affirmed on a former day of this term, the statement of facts not being considered, because filed in vacation, without the necessary order having been entered therefor. The motion for rehearing discloses that such order has been entered in trial court nunc pro tunc, and after affirmance. The trial court is without jurisdiction to enter such an order pending appeal. When jurisdiction of this court attaches to appeals, trial courts lose all jurisdiction over such cases, except to substitute the record or some portion thereof where such record or a part thereof has been "lost or destroyed." Code Crim. Proc., art. 849. An order for ten days after term of court closes in which to file statement of facts is not within the terms "lost or destroyed."

The rehearing is refused.

*Rehearing refused.*

Judges all present and concurring.

ON MOTION FOR RECONSIDERATION AND REHEARING.

DAVIDSON, JUDGE.—Judgment herein was on a former day of this term affirmed. The statement of facts was not then considered, because filed out of term time of the trial court, without necessary order being entered for that purpose. At a term of the trial court, subsequent to said affirmance, a judgment was entered nunc pro tunc allowing ten days in which to file a statement of facts in the case. It is now made to appear that such order was actually granted at the trial term, but not carried into the minutes of the court. It is contended that this authorized the entry of the nunc pro tunc judgment, and the consideration of said statement of facts, on a motion for rehearing filed in this court. In support of this contention, we are cited to Blum v. Neilson, 59 Texas, 379. We do not think the case cited has any bearing on the question here raised. It seems that at the time the nunc pro tunc judgment was entered, and the statement of facts considered, by the Supreme Court, no final disposition on appeal had been had in that case.

Article 849, Code of Criminal Procedure, provides, that "the effect of an appeal is to suspend and arrest all further proceedings in the case in the court in which the conviction was had until the judgment of the appellate court is received by the court from which the appeal was taken; provided, that in cases where, after notice of appeal has been given, the record or any portion thereof is lost or destroyed, it may be substituted in the lower court, if said court be then in session, and when so substituted, the transcript may be prepared and sent up as in other cases. In case the court from which the appeal is taken be not then in session, the Court of Appeals shall postpone the consideration of such appeal until the next term of said court from which said

appeal was taken, and the said record shall be substituted at said term, as in other cases.'' It will hardly be contended the entry of a judgment nunc pro tunc is the substitution of a lost or destroyed record, or any part thereof. In order to substitute a lost record, there must have been such a record, and it must have been lost or destroyed. This statute, as we understand it, deprives the trial court of all jurisdiction of the case, except for purposes stated, when the appeal has gone into effect. Whether the rule provided is wise and beneficial.is not for us to decide. It is the declared will of the legislative mind, and within the scope of the authority of that body to declare. It puts an end to the time when defective records can be amended pending appeals. This statute furnishes the rule of practice in such cases, and this court will adhere to it.

*Motion overruled.*

Judges all present and concurring.