### H. L. OFFIELD, ALIAS ROY JAMES, v. THE STATE.

#### No. 1007.   Decided March 1, 1911.

#### Rehearing Denied March 22, 1911.

**Burglary—Notice of Appeal—Statutes Construed—Nunc Pro Tunc.**

Where, upon appeal from a conviction of burglary, it appeared from the record that the term of court at which defendant was convicted adjourned on September 3, 1910, and the notice of appeal was not entered of record in the minutes of the court until March 9, 1911, at a subsequent term of the court, by a nunc pro tunc order, the Court of Criminal Appeals had no jurisdiction of the appeal, and an entry on the docket is not sufficient.

Appeal from the District Court of Tarrant. Tried below before the Hon. W. T. Simmons.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Lattimore, Cummings, Doyle & Bouldin,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—The appellant in this case was indicted at the June term of the District Court of Tarrant County, charged with burglary. He was convicted and sentenced to two years confinement in the penitentiary.

It appears from the record that the term of court at which appellant was tried begun on June 6, 1910, and adjourned September 3, 1910, and at this term of court no notice of appeal was given or entered of record. The only notice of appeal in the record appears to have been given and entered of record on October 1, 1910, about four weeks after the adjournment of the term at which appellant was tried. Our Code of Criminal Procedure provides: "Article 872. A defendant in any criminal action, upon conviction, has the right to appeal under the rules herein prescribed.

"Article 882. An appeal may be taken by the defendant at any time during the term of the court at which the conviction was had.

"Article 883. An appeal is taken by giving notice thereof in open court and having the same entered of record."

In Clark v. State, 3 Texas Crim. App., 338, it is held: "An appeal taken without notice given at the term at which the conviction was had will confer no jurisdiction upon the Appellate Court." Even in death penalty cases, in Roan v. State, 65 S. W. Rep., 1068, in order to clothe this court with jurisdiction, the appeal must be taken at the term at which the defendant was tried and convicted. Having failed to give notice of appeal during the term, appellant forfeited his right to appeal. Morse v. State, 39 Texas Crim. Rep., 566; Wilcox v. State, 32 Texas Crim. Rep., 284, and other cases cited.

No notice of appeal having been given and entered of record at the term of court at which the defendant was tried, the appeal is dismissed.

*Dismissed.*

ON REHEARING.

March 22, 1911.

HARPER, Judge.—At a former day of this term this appeal was dismissed because the record did not disclose that notice of appeal was given and entered of record at the term of court at which defendant was tried. Appellant has filed a motion for a rehearing in this cause, in which he alleges that on the day sentence was passed, he did give notice of appeal to this court, and attaches thereto the certificate of the judge before whom the case was tried, and the clerk of the court, that in fact he did at the term at which he was tried in open court give notice of appeal. It also appears from the papers now on file that since the entry of the judgment dismissing this cause the following proceedings have been had in the court originally trying this cause:

"And now in the above entitled and numbered cause comes the defendant H. L. Offield, alias Roy James, and respectfully shows to the court that this cause is pending on appeal before the Court of Criminal Appeals, and that heretofore on June 16, 1910, this defendant was convicted and on July 11, A. D. 1910, defendant filed in this cause his motion for a new trial, which was by this court stricken

out because not filed within two days, on September 3, A. D. 1910, and that on said date the defendant then and there in open court excepted and gave notice of appeal to the Court of Criminal Appeals of the State of Texas, which said notice of appeal was by this court entered of record upon the motion docket, but the clerk of this court in writing up the minutes of said court failed to enter in the minutes of this court, as will more fully appear of record in the motion docket of this court, to which reference is here made where said notice of appeal was entered during the June term of said court on, to wit, September 3, A. D. 1910, which was the last day of said term, he therefore prays that as said notice of appeal was in fact given by defendant during the term of this court at which said cause was tried and the same was by this court entered upon the docket of said court, but the failure to enter same in the minutes of this court was not through any fault or negligence of appellant or his counsel, that this court here order E. J. Brock, Jr., clerk of this court, to enter said order in the minutes of this court, together with the notice of appeal as then given nunc pro tunc."

"State of Texas,                         Order on motion to enter
       vs.                               judgment nunc pro tunc.
H. L. Offield, alias Roy James.          March 9, 1911.

"Be it remembered, that on this day came on to be heard the motion of the defendant in the above styled and numbered cause to enter herein order on motion to strike out and dismiss motion for new trial that was heard September 3, 1910, and the court having heard said motion and it appearing to the court that a ruling was had as stated in said motion, but that said motion was never entered of record, and it is therefore ordered, adjudged and decreed by the court that the order be now here entered as of September 3, 1910, as follows, to wit:

"The State of Texas                      Motion to strike out and
       vs.      Nos. 19099-19101         dismiss  motion  for  new
H. L. Offield, alias Roy James           trial sustained September
                                         3, 1910.

"On this day came on to be heard the motion of the State of Texas herein, to strike out and dismiss the defendant's motion for a new trial herein, and the court after hearing said motion and being fully advised in the premises is of the opinion that same should be and is hereby sustained.

"It is therefore ordered, adjudged and decreed by the court that the motion of the defendant H. L. Offield, alias Roy James, for a new trial herein, be and the same is hereby dismissed, to which action and ruling of the court the defendant in open court excepted and gave notice of appeal to the Court of Criminal Appeals for the State of Texas." It will be seen by the above that the notice of appeal

was not entered of record in the minutes until March 9, 1911, whereas the term of court at which defendant was tried, adjourned September 3, 1910.

Article 884 of the Code of Criminal Procedure provides: "The effect of an appeal is to suspend and arrest all further proceedings in the case in the court in which the conviction was had until the judgment of the Appellate Court is received by the court from which the appeal is taken; provided, that in cases where, after notice of appeal has been given, the record or any portion thereof is lost or destroyed, it may be substituted in the lower court, if said court be then in session, and when so substituted the transcript may be prepared and sent up as in other cases. In case the court from which the appeal was taken be not then in session, the Court of Appeals shall postpone the consideration of such appeal until the next term of said court from which said appeal was taken, and the said record shall be substituted at said term, as in other cases."

In construing this article this court has held that the trial court is without authority to enter a nunc pro tunc order so as to confer jurisdiction on this court. Quarles v. State, 37 Texas Crim. Rep., 362; Lewis v. State, 34 Texas Crim. Rep., 126; Youngman v. State, 38 Texas Crim. Rep., 459; Fairchild v. State, 23 Texas, 176; Hughes v. State, 33 Texas, 683; Solari v. State, 3 Texas Crim. App., 482; Johnson v. State, 8 Texas Crim. App., 671; Hicklin v. State, 31 Texas, 492; Long v. State, 3 Texas Crim. App., 321, in which it is said: "The notice of appeal was not entered of record, though the clerk certifies that the notes made by the judge upon his docket show that defendant did give notice of appeal. The entries on the judge's docket will not supply the place of or supersede the necessity for an entry upon the record." See also Lawrence v. State, 14 Texas, 432; Hughes v. State, 33 Texas, 683.

If this were an original proposition, the writer individually would be inclined to hold that where notice of appeal had been given at the proper time and entry made on the judge's docket, that a nunc pro tunc order might be made at a later day incorporating the entry of the notice of appeal in the minutes, but as this article of the statute has been construed by this court in an unbroken line of decisions holding that if the notice of appeal is not entered of record in the minutes of the court at the term at which the case is tried, the lower court would not have authority to enter any order in the case, except in cases where the order is lost or destroyed, and in deference to those decisions the motion for rehearing is overruled.

*Overruled.*