### CHARLES SUESBERRY V. THE STATE.

#### No. 2739.   Decided December 10, 1913.

#### Rehearing denied January 14, 1914.

**1.—Manslaughter—Bills of Exception.**

In the absence of bills of exception, objections to the introduction of testimony can not be considered on appeal.

**2.—Same—Charge of Court—Invited Error.**

Where the alleged error in the court's charge was invited by special requested charges, there was no error, but even where such charges were refused, the same can not be reviewed where the objections thereto are of a general character; besides, the court submitted the matter in his main charge.

**3.—Same—Amended Motion for New Trial—Practice on Appeal.**

Where it appeared from the record that after the overruling of the motion for new trial the appellant attempted to file an amended motion for new trial without leave of the court and which was never acted on by the trial court, the same can not be considered on appeal.

**4.—Same—Nunc Pro Tunc Order—Amended Motion for New Trial.**

An entry on the motion docket permitting defendant to file an amended motion for new trial after notice of appeal, and which entry was not carried into the minutes of the court, can not be considered on appeal, and the trial court had no jurisdiction to enter such nunc pro tunc order. Following Lewis v. State, 34 Texas Crim. Rep., 126, and other cases.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. Sam'l Styles, Judge, sitting in exchange.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Gibson & Wander,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant on this trial was convicted of manslaughter, and his punishment assessed at two years confinement in the State penitentiary.

The first two grounds in the motion for a new trial complain of the

action of the court in admitting the testimony of the witnesses E. B. Sisk and John Price. As no bills of exception were reserved to the introduction of the testimony of these witnesses, the record does not disclose that this testimony was objected to at the time of its introduction, nor during the trial of the case, and after verdict it is too late to object to the introduction of testimony admitted on the trial of the case.

The third ground of the motion for a new trial reads as follows: "The court erred in giving special charges 1, 2, 3, 4 as requested by the defendant." Of course, the court would not err in giving a special charge requested by the person on trial, for if error there be in giving such charge, it would be error invited by defendant in requesting such instruction. However, while the motion for a new trial reads as indicated above, yet the record discloses that such special charges were not in fact given, but were marked "refused" by the court, and the question arises, is the objection too general to be considered. In this ground of the motion there can be no doubt that the exception is too general to be considered. However, the next ground in the motion complains that the court erred in failing to "charge the jury that if they believed that septic poison was introduced into the wound by the cloth sweater or towel placed there by the witness Brice after the cutting that they should acquit the defendant of the charge of murder or manslaughter." The court did in fact so charge the jury in paragraphs fourteen and fifteen of the charge. These are all the grounds alleged in the motion for a new trial, which was overruled by the court. After the motion for a new trial had been overruled by the court what is termed "an amended motion for a new trial" was filed without leave of the court to do so being obtained, and which was never acted on by the trial court. Under such circumstances the amended motion for a new trial can not be considered by us.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

#### January 14, 1914.

HARPER, JUDGE.—Appellant files a motion for a rehearing in which he has the clerk to certify the "motion docket" shows that leave was granted to file an amended motion for a new trial, and that same was overruled by the court—the certificate reading: "I, Max Andrews, Clerk of the Criminal District Court of Harris County, Texas, do hereby certify that the foregoing is a true and correct copy of the original entry as it appears on the *motion docket* of the Criminal District Court of Harris County." This term of court adjourned on the third day of May, 1913, and no order or judgment was entered in the minutes of this court, but since the original opinion was rendered by this court, counsel for appellant has prevailed on the court to attempt to make a nunc pro tunc order, the order reciting that "whereas the order of the court made on the 26th day of April, 1913, and the minutes of the court fail

to show that the court overruled said amended motion for a new trial, it is now ordered and adjudged that this order be entered in the minutes of the court nunc pro tunc, now for then as it was the original order intended to be entered on the minutes of said court."

The question arises, can the court order this judgment entered nunc pro tunc, without notice to a person, while the case is pending in this court? In the case of Long v. State, 3 Texas Crim. App., 321, it was said: "The notice of appeal was not entered of record, *though the clerk certifies that the notes made by the judge upon his docket* show that defendant gave notice of appeal. *The entries on the judge's docket will not supply the place of or supersede the necessity for an entry upon the record."* Lawrence v. State, 14 Texas, 432; Hughes v. State, 33 Texas, 683. This has always been the rule in this court, that the entry or order to be of any force and effect must be carried forward into the minutes of the court, and where the entry was not made in the minutes at the term of court, no nunc pro tunc entry or order can be made while the case is pending in this court on appeal. In the case of Estes v. State, 38 Texas Crim. Rep., 506, this court, speaking through Judge Davidson, said: "Appellant was convicted at the September term, 1896. He filed a motion for a new trial, which was overruled, and gave notice of appeal. The judgment was not entered at that term, but was entered nunc pro tunc at the March term, 1897. Under this state of case the court below had lost authority to enter judgment at the March term, 1897. When the September term, 1896, closed, the notice of appeal having been given, jurisdiction had attached to this court. The judgment was not a lost or destroyed part of the record, and, therefore, could not be entered pending the appeal—the trial court had lost jurisdiction," citing Lewis v. State, 34 Texas Crim. Rep., 126; Quarles v. State, 37 Texas Crim. Rep., 362. This has not only been the rule in this court, but the Code of our State so provides.

Thus it is the entry on the motion docket, but not carried into the minutes of the court, and can not be considered by this court, and the trial court had no authority nor power to enter the nunc pro tunc order in December when the term of court at which the appellant was tried adjourned in May previous, and notice of appeal given at that term. It is strange to us that attorneys will not give care, consideration and attention to seeing that the judgments and orders are entered in criminal that they do in civil cases, but so long as they are negligent in this respect we are powerless to aid them until the Legislature changes the law.

The motion for rehearing is overruled.

*Overruled.*

[Rehearing denied January 14, 1914.—Reporter.]