JEORGE RIOS v. THE STATE.

No. 3485.   Decided March 24, 1915.

**1.—Murder—Notice of Appeal—Jurisdiction—Private Docket—Amendment —Lost Record.**

Where, upon appeal from a conviction of murder assessing the death penalty, it appeared from the record that no notice of appeal was entered in the minutes of the court below, although the judge's private docket showed such notice, the jurisdiction of this court did not attach, and an amendment of such record in vacation showing that notice of appeal was given was unauthorized. Neither could the judgment itself be corrected in vacation. The rule as to lost records is different. Following Offield v. State, 61 Texas Crim. Rep., 585.

**2.—Same—Statement of Facts.**

The record, however, if it could be considered, containing no statement of facts, the case must be affirmed.

Appeal from the District Court of San Patricio. Tried below before the Hon. F. G. Chambliss.

Appeal from a conviction of murder; penalty, death.

The opinion states the case.

*John A. Jones* and *A. L. Neal,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.—Cited cases in opinion.

DAVIDSON, JUDGE.—This is a conviction for murder with the death penalty assessed.

The record does not contain the notice of appeal required by the statute. The judge's private docket shows that notice of appeal was given, but it was not entered in the minutes, and under the decisions it is necessary that it be entered of record in the minutes of the court in order to attach the jurisdiction of this court. See Offield v. State, 61 Texas Crim. Rep., 585. In the above case the authorities are collated. The trial judge undertook, in vacation, as shown by this record, to amend the record by having the clerk enter up a judgment showing that notice of appeal was given. Under the authorities cited in the Offield case, supra, this could not be done. This was not a proceeding to substitute lost or destroyed records, but to amend the record, therefore the district judge was without authority to enter judgment in vacation. The same may be said of the judge's order correcting the judgment of the court itself. It is unnecessary to discuss those matters as there is nothing before this court for want of notice of appeal. The record, however, if it could be considered, does not contain a statement of facts.

For the reasons indicated the appeal will be dismissed.

*Dismissed.*