### MALCOM BANKSTON v. THE STATE.

#### No. 4271.    Decided November 1, 1916.

**1.—Theft—Statement of Facts—Bills of Exception.**

Where the statement of facts and bills of exception were filed nineteen days after the adjournment of the County Court without any order allowing them to be filed after adjournment, the same can not be considered on appeal.

**2.—Same—Judgment Nunc Pro Tunc.**

Where appellant ten days after affirmance of this case and nearly six months after the time when the County Court adjourned, made a motion in the lower court to enter the judgment nunc pro tunc allowing him twenty days within which to file the statement of facts and bills of exception and such order was entered by the court, the same was without jurisdiction and can not be considered on appeal. Following Lewis v. State, 34 Texas Crim. Rep., 126 and other cases.

Appeal from the County Court of Runnels. Tried below before the Hon. M. Kleberg.

Appeal from a conviction of theft; penalty, a fine of ten dollars and twelve hours confinement in the county jail.

The opinion states the case.

*J. W. Powell, J. P. Cogdill,* and *R. B. Truly,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—This is a conviction for misdemeanor theft. The statement of facts and bills of exception were filed nineteen days after the term of court adjourned without any order allowing the statement of facts to be filed after adjournment. The Assistant Attorney General's motion to strike them out on that account must, therefore, be granted. Without these no question is presented which we can review.

The judgment is affirmed.

*Affirmed.*

## ON REHEARING.

### November 22, 1916.

PRENDERGAST, PRESIDING JUDGE.—Some ten days after the affirmance of this case and nearly six months after the term of the lower court adjourned at which the trial was had, appellant made a motion in the lower court to enter the judgment nunc pro tunc at the trial term, allowing him twenty days within which to file the statement of facts and bills of exception. The lower court, on November 10, instant, at that term of the court, entered such order nunc pro tunc. Appellant brings a certified copy of his said motion and the judgment of the court so entering attached to his motion for a rehearing herein, and asks this court to now consider said statement of facts and bills. The case of Lewis v. State, 34 Texas Crim. Rep., 126, is precisely in point and holds directly and specifically that no such order can be entered nunc pro tunc after appeal to this court. This case has uniformly and in a large number of cases been followed by the decisions of this court down to this date, and follows the statute. (Quarles v. State, 37 Texas Crim. Rep., 362; Suesberry v. State, 72 Texas Crim. Rep., 439, and a large number of cases collated under art. 916, 2 Vernon's Ann. C. C. P., p. 879; and sec. 258, 1 Branch's Ann. P. C., p. 162.) This court, therefore, can not consider such statement of facts nor bills of exception.

The motion is overruled.

*Overruled.*

HARPER, JUDGE, absent.