ALLEN DEMUS V. THE STATE.

No. 11693.   Delivered November 14, 1928.
Rehearing denied January 30, 1929.

The opinion states the case.

*Jno. F. Weeks,* for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, ten years in the penitentiary.

In the preparation of an opinion heretofore handed down, we overlooked a very important fact, viz: that the bills of exception were not filed in time to be considered, and in view of this fact the former opinion is withdrawn and the following substituted therefor:

The facts in this case are deemed sufficient to support the verdict and judgment.   Deceased had been keeping company with the wife of appellant subsequent to the granting of a divorce from appellant, theretofore obtained by her.   On the day of this homicide appellant

and his wife went to Big Springs and were remarried. They returned to Midland that night and apparently went to the house occupied by appellant's wife. A woman named Anderson was there with them. Deceased came to said house after dark, knocked and wanted to see appellant's wife. She was partly disrobed but dressed herself, went to the door and informed deceased that she was remarried to appellant. Deceased asked for his flashlight which the woman had, and then asked if he could see her outside. Appellant then struck deceased, knocking him to the ground. The Anderson woman testified that appellant had a pistol in his hand when he assaulted deceased; that she looked away for some reason, but heard a lick that sounded like something "split or cracked," and saw deceased fall. She said when appellant struck, deceased had one hand up on the door and reached up with the other hand and took a cigar out of his mouth. After knocking deceased down appellant kicked and stamped him in the body and head repeatedly. Deceased died in a short time. His ribs and breast were crushed, and a severe head wound also appeared, causing the doctor to think it probable that he had a fractured skull. The man was in a dying condition when the doctor got to him and never gained consciousness. The doctor testified that death resulted from the injuries.

The record contains ten bills of exception, all of which were filed on January 31, 1928. Appellant's motion for new trial was overruled and notice of appeal given on November 17, 1927. The order overruling said motion sets up that notice of appeal was given, but makes no reference to the granting of any time to appellant in which to file statement of facts and bills of exception. For some reason appellant seems to have again given notice of appeal when sentenced on November 18th, but this order also fails to show that he was then granted any time in which to file bills of exception and statement of facts. From the record we observe that on January 14, 1928, appellant procured an order of the court granting him twenty days in which to file bills of exception and statement of facts, "in addition to the sixty days time which was granted defendant at the time his motion for new trial was overruled."

Our statute (Art. 760 C. C. P.) grants to every person convicted of crime, who appeals his case, thirty days "after the date of the adjournment of court," with or without court order, in which to file bills of exception. The court below may make an order during the trial term granting any period of time within which statement of facts and bills of exception may be filed, not exceeding ninety days from the day of the giving notice of appeal. In case an original

order for such time did not grant the full ninety days mentioned, the trial court may by order made within the period theretofore fixed by order or statute, extend said time.

The record in this case failing to show any order of the court granting sixty days from the entry of notice of appeal for the filing of bills of exception, we must hold the extension order made on January 14, 1928, to be ultra vires and of no effect. Said extension order was not made within any period fixed by statute or granted by any other order shown in the record. The bills of exception were filed too late and can not be considered. The exceptions to the court's charge are in no way shown to have been presented or approved prior to the reading of the main charge.

The opinion heretofore handed down herein is withdrawn, and no error appearing, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant brings before us under certificate of the clerk the entries relating to appellant's case made by the presiding judge upon his trial docket. One of these entries shows that at the time appellant's motion for new trial was overruled and notice of appeal given the court also allowed sixty days for filing bills of exception. That part of the order granting the sixty days was not carried into the court minutes. Appellant asks us to consider the "docket entry" in order to permit a review of his bills. We regret exceedingly that we can not do so. It was announced many years ago—and has been frequently reiterated—that orders of the court made during term time must be carried into the minutes of the court before such orders become a part of the record and may properly be incorporated in a transcript of the court proceedings. The entries upon the trial docket may in proper cases furnish a basis for the trial judge to order a correction of the minutes, but as long as they stand as trial docket entries only they furnish this court no basis for action. Any other holding would upturn the orderly method of preserving proceedings of courts of record and in bringing cases therefrom to the appellate courts for review. Long v. State, 3 Tex. Cr. App. 321; Lenox v. State, 55 Tex. Cr. R. 259, 116 S. W. 816; Oldfield v. State, 61 Tex. Cr. R. 585; 135 S. W. 566; Seusberry v. State, 32 Tex. Cr. R. 439, 162 S. W. 849; Bullington v. State, 78 Tex. Cr. R. 187, 180 S. W. 679.

The motion for rehearing is overruled.

*Overruled.*