false pretenses, etc., were made. Hunter v. State, 46 Tex. Cr. R. 505, 81 S. W. 730. The information alleges that the injured party was the Odessa Mercantile Company, but omits to state whether same is a corporation, firm, partnership, or individual. Nasets v. State (Tex. Cr. App.) 32 S. W. 698; Faulk v. State, 38 Tex. Cr. R. 78, 41 S. W. 616. There is no description of the property obtained by appellant, save as "credit and groceries of the value of $34.25." This is not enough. All the authorities hold that the rules in theft cases as to the description of property in an indictment apply in swindling cases. There is no averment that reliance was placed upon the false pretenses, etc., or that by means thereof property was acquired by the accused. Ervin v. State, 11 Tex. App. 537; Curtis v. State, 31 Tex. Cr. R. 39, 19 S. W. 604. Nor is there allegation of the delivery of the property to appellant. Lutton v. State, 14 Tex. App. 523. This much for the pleading.

We note, also, that the charge of the court fails to include the presumption of innocence, or to instruct the jury that, unless they believe the accused guilty beyond a reasonable doubt, they should acquit.

The above errors lead us to the belief that the conviction cannot be upheld. The judgment will be reversed, and for the insufficiency of the complaint and information, the prosecution will be dismissed.

pellant was convicted, this court is without jurisdiction and the appeal must be dismissed. Offield v. State, 61 Tex. Cr. R. 585, 135 S. W. 566.

The state's motion to dismiss this appeal is granted.

Appeal dismissed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion to Reinstate Appeal.

LATTIMORE, J. This case is a companion case to cause No. 12591, Mathis v. State, 18 S.W.(2d) 920, this day decided. The situation of the two cases is identical. The appeal in this case was dismissed at a former day of this term because of a defective caption, which has been remedied, and the order of dismissal is set aside, the appeal reinstated, and the case now considered on its merits.

The information herein is an exact copy of the information set out in the opinion in the Mathis Case, supra. The defects as to the pleadings, charge, etc., referred to in that case are found in this.

For the reasons set forth in the Mathis Case, the judgment in this case will be reversed, and the prosecution ordered dismissed.

MARTIN, J. Offense, swindling; penalty, a fine of $75 and 30 days in the county jail.

The term of court at which appellant was convicted is shown in the caption of the transcript on file to have ended on the 22d day of December, 1928. Notice of appeal to this court was given on the 1st day of January, 1929.

Article 827, C. C. P., provides in part: "An appeal is taken by giving notice thereof in open court at the term of court at which conviction is had, and having the same entered of record." Unless such notice of appeal is given at the term of court during which ap-