JIM AUBREY v. THE STATE.

No. 13051.   Delivered February 26, 1930.
Rehearing denied April 2, 1930.
Reported in 26 S. W. (2d) 213.

The opinion states the case.

*Ingram & Munson* of Wharton, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, five years in the penitentiary.

The facts in evidence in this case appear to be sufficient to justify the conclusion of the jury. It is difficult for us to understand the contents of the transcript. It is here without any index. There are five bills of exception, neither of which has any file mark of the clerk of the trial court showing when, if at any time, said bills were filed. The motion for new trial was overruled on June 15, 1929, but in the overruling order of the trial court no time beyond that granted by statute, was allowed for the filing of bills of exception. The statutory time for filing such bills is thirty days from the adjournment of the court. Each of said bills contains the notation that it was filed on the 4th day of September 1929, which date, as above stated, is not verified by any signature of the district clerk. If said bills were in fact filed on September 4th, and if this could be verified, same would appear to have been filed after the expiration of the thirty days' time allowed by law for such filing, and we could not consider them. The indictment and charge of the court, also the verdict and judgment appear to be in conformity with law.

No error appearing, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant has filed a motion for rehearing in connection with which he asks for a writ of ceriorari. Attached to the request is a certificate of the clerk advising that the bills of exception were filed and the date of such filing, which cures one defect in the transcript pointed out in our original opinion. Also

attached to the request for certiorari is a certified copy of a "docket entry" regarding the extension of time for filing bills of exception. The order indicated by such "docket entry" was never carried into the minutes of the court. Appellant desires us to have the docket entry brought forward and consider it as a part of the record. What was said in Demus v. State, 16 S. W. (2d) 251, regarding the matter is directly in point.

We quote therefrom as follows:

"Appellant asks us to consider the 'docket entry' in order to permit a review of his bills. We regret exceedingly that we cannot do so. It was announced many years ago, and has been frequently reiterated, that orders of the court made during term time must be carried into the minutes of the court before such orders become a part of the record and may properly be incorporated in a transcript of the court proceedings. The entries upon the trial docket may in proper cases furnish a basis for the trial judge to order a correction of the minutes, but, as long as they stand as trial docket entries only, they furnish this court no basis for action. Any other holding would upturn the orderly method of preserving proceedings of courts of record and in bringing cases therefrom to the appellate courts for review. Long v. State, 3 Tex. App. 321; Lenox v. State, 55 Tex. Cr. R. 259, 116 S. W. 816; Offield v. State, 61 Tex. Cr. R. 585, 135 S. W. 566; Suesberry v. State, 72 Tex. Cr. R. 439, 162 S. W. 849; Bullington v. State, 78 Tex. Cr. R. 187, 180 S. W. 679."

The application for certiorari is denied and the motion for rehearing overruled.

*Overruled.*