Deboraha Jean
**NICOT–BARDEGUEZ, Relator,**

v.

**Hon. John FASHING, Judge of County Court at Law # 2, Respondent.**

**No. 08–86–00135–CV.**

Court of Appeals of Texas,
El Paso.

July 23, 1986.

James C. Butts, El Paso, for relator.

John L. Fashing, Judge, El Paso, pro se.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

## OPINION

SCHULTE, Justice.

Relator seeks mandamus relief to require El Paso County Court at Law Judge John Fashing to sign a judgment in a divorce proceeding initially referred to an appointed court master. We grant the relief requested.

The divorce petition was filed by Relator in the 120th Judicial District Court of El Paso County. It was then transferred to County Court at Law No. Two. Respondent Judge Fashing then referred the case to a master without objection by the parties to the divorce. The master entered what purports to be a judgment on May 19, 1986. The District Clerk refused to accept the decree for filing since it bore only a master's signature. Relator then filed a motion to enter judgment, which was denied by the Respondent solely on the basis that the master's signature was a sufficient ministerial satisfaction of entry of judgment.

Relator is relying upon the provisions of Chapter 54 of the Texas Government Code, particularly Sections 54.007, 54.011, 54.012 and 54.013 (Vernon Pamphlet 1986). Respondent has taken the position that his signature is not required as a result of the 1985 amendment of former Tex.Rev.Civ. Stat.Ann. art. 1918b, particularly sec. 4(b). Acts 69th Leg., ch. 851, p. 6323 (hereinafter S.B. 1321). The Texas Government Code repealed former Article 1918b, passing the legislature on May 17, 1985, with an effective date of September 1, 1985. The same legislature amended Article 1918b by the passage of S.B. 1321 on May 25, 1985, with an effective date of August 26, 1985, without any reference to the master provisions in the Government Code. Sections 311.025 and 311.031(d) establish the priority in such a situation, dictating that the amended stat-ute prevail in the event of irreconcilable conflict with the code.

Before we can determine whether the statute and the code conflict with regard to the issue presently before us, we must interpret the statute's provision as to finality of the master's determination and the procedure for entry of a decree. We find that S.B. 1321 is plagued by an irreconcilable internal conflict on this issue, regardless of the provisions in Chapter 54 of the Government Code and regardless of the issue of legislative authority to confer ultimate judicial power upon a master. Section 4(b) of the bill provides:

The judge of a court having appointed a master as provided in this Act may also refer to the master a trial on the merits over which the master may preside unless one or more parties files a written objection to the master hearing same, in which event, such trial on the merits shall be heard by the court. Should neither party file a written objection to a referral to the master for hearing on the merits, there shall be no right of appeal to the referring court and the judgment of the master shall become final for purposes of appeal to the court of appeals or to the Supreme Court of Texas.

We are faced with a maze. If one does not file an objection, there is no appeal to the referring court; if one does object, there is? Not so—if one objects, there is no referral, hence no appeal. In effect, there is no appellate resort to the referring court at all. Section 4(b) is in conflict with itself and further conflicts with the subsequent provisions for recourse to the referring court embodied in Sections 7, 8, 9 and 10.

The conflict renders those provisions unconstitutionally ambiguous. We consider it essential to confine the parameters of this fatal defect and preserve as much of the bill as possible. We find that we can do so by striking only the second sentence of Section 4(b). Its own internal conflict dooms this section anyway. With its elimination, Sections 7, 8, 9 and 10 are then essentially harmonious with each other, with the remainder of the bill and with the provisions of the Government Code. (Sec-

tion 7 with Section 54.010, Section 8 with Section 54.011, Section 9 with Section 54.-012 and Section 10 standing without counterpart of conflict.) This leaves the final judicial act in each proceeding, including the discretionary power over the master's report and recommendations and the ministerial act of signing the decree, in the hands of the referring judge. See: Section 8 of S.B. 1321 and Section 54.013 of the Government Code. The removal of the flawed feature of Section 4(b) also removes the only reference to the master's report as a "judgment." By adopting this course of action, we have preserved as much of the expanded master referral procedure as will pass constitutional muster, in. a manner consistent with the enumerated duties and powers of the master similarly reflected in Section 5 of the bill and Section 54.007 of the code. Both provisions refer to the master's authority to "recommend the judgment to be made in the case." They do not express authority to enter judgment.

Accordingly, we hold that Relator is entitled to an entry of judgment by the referring judge.

We are confident that Judge Fashing will abide by our decision. A writ of mandamus will issue only if he fails to do so.

STEPHEN F. PRESLAR, C.J., not sitting.