**Writ of Mandamus is Conditionally Granted; Opinion Filed March 25, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00263-CV

### IN RE CLEVELAND NIXON, Relator

**Original Proceeding from the Criminal District Court No. 6**
**Dallas County, Texas**
**Trial Court Cause No. F1121243X**

## MEMORANDUM OPINION
Before Justices Bridges, Stoddart, and Whitehill
Opinion by Justice Stoddart

Relator filed this petition for writ of mandamus requesting that the Court order the trial court to sign a written order on his motion for bond pending appeal, which the trial court orally denied.[1] The denial of bail is reflected in a docket entry and a hearing transcript attached to the petition for writ of mandamus, but the State in its response to the petition agrees that no written order has been signed by the trial court. The State agrees that mandamus is appropriate in this case. We conditionally grant the petition.

A written order is a necessary for a party to perfect appeal from a trial court's order. *See, e.g., State v. Shaw*, 4 S.W.3d 875, 878 (Tex. App—Dallas 1999, no pet.). Under rule 26.2 of the rules of appellate procedure, a notice of appeal in a criminal case must be filed within 30 days of the day the trial court "enters" an appealable order. TEX. R. APP. P. 26.2(a)(1). The Court of

---

[1] A defendant may appeal the trial court's denial of bail pending appeal. *Ortiz v. State*, 299 S.W.3d 930, 932-33 (Tex. App —Amarillo 2009, no pet.). An appeal from denial of bail is separate from the appeal of the criminal conviction. *Id.*

Criminal Appeals has interpreted "entry" of an order or judgment as encompassing the signing of an order by the trial judge. *State v. Rosenbaum*, 818 S.W.2d 398, 402 (Tex. Crim. App. 1991). A court may only act by orders duly recorded in its minutes. *Shaw*, 4 S.W.3d at 878. An order is recorded in the trial court's minutes when it is reduced to writing, signed by the trial judge, and entered in the record. *In re Fuentes,* 960 S.W.2d 261, 264 (Tex. App.—Corpus Christi 1997, orig. proceeding) (citing *Utilities Pipeline Co. v. American Petrofina Mktg.,* 760 S.W.2d 719, 723 (Tex. App.—Dallas 1988, no writ)).

A docket sheet entry is not a substitute for an order. As this Court pointed out roughly fifteen years ago, neither an oral order nor a docket entry provide a substitute for a written order signed by the trial court:

> We first address, for education of the bench and bar, the need for a written order and the delay caused by the lack of a written order. This Court repeatedly receives appeals and original proceedings wherein the order or judgment complained of is only memorialized in a docket sheet entry. Docket sheet entries, except for a few limited circumstances, are not a substitute for written orders and judgments.

*In re Beck*, 26 S.W.3d 553, 555 (Tex. App.—Dallas 2000, orig. proceeding), *opinion withdrawn on other grounds,* No. 05-00-01100-CV, 2001 WL 21492 (Tex. App.—Dallas Jan. 10, 2001); *see also Ferguson v. State,* 367 S.W.2d 695, 696 (Tex. Crim. App. 1963); *Utilities Pipeline Co.,* 760 S.W.2d at 723; *Fuentes,* 960 S.W.2d at 264; *Pifer v. State,* 893 S.W.2d 109, 111 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd). Docket sheet entries are not part of the record because they are inherently unreliable, lacking the formality of orders and judgments. *See Energo Int'l Corp. v. Modern Indus. Heating, Inc.,* 722 S.W.2d 149, 151 & n. 2 (Tex. App.—Dallas 1986, no writ). A docket sheet entry is a memorandum made for the convenience of the trial court and clerk. *Energo Int'l Corp.,* 722 S.W.2d at 151.

Mandamus is appropriate in a criminal case if the relator shows that he has no other adequate legal remedy and the act sought to be compelled is purely ministerial. *State of Tex. ex*

*rel. Hill v. Court of Appeals for the Fifth Dist.,* 67 S.W.3d 177, 180–81 (Tex. Crim. App. 2001) (orig. proceeding); *In re Watkins,* 315 S.W.3d 907, 908 (Tex. App.–Dallas 2010, orig. proceeding). Once a trial court pronounces its judgment or declares the content of its order, the act of committing the judgment or order to writing and signing it is a ministerial act. *See, e.g., Greene v. State*, 324 S.W.3d 276, 282 (Tex. App.—Austin 2010, no pet.); *Alcantar v. Oklahoma Nat. Bank*, 47 S.W.3d 815, 821 (Tex. App.—Fort Worth 2001, no writ); *Nicot-Bardeguez v. Fashing*, 718 S.W.2d 36, 38 (Tex. App.—El Paso 1986, orig. proceeding). When a trial court refuses to sign a written order memorializing a ruling and the existence of such a written order is a necessary pre-condition for a party to be able to exercise a right to appeal, the proper way to seek relief is through mandamus. *See State v. Sanavongxay*, 407 S.W.3d 252, 259 n.9 (Tex. Crim. App. 2012).

Because we conclude the trial court has a ministerial duty to sign a written order so that the relator can perfect his appeal from the denial of pre-trial bail, we conditionally grant the petition for writ of mandamus. A writ will issue only in the event the trial court fails to sign a written order memorializing its ruling on relator's motion for bond pending appeal.

/ Craig Stoddart/
CRAIG STODDART
JUSTICE

150263F.P05

–3–