**DENY; and Opinion Filed February 8, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00104-CV

### IN RE QUINCY BLAKELY, Relator

**Original Proceeding from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. WX-1890141**

## MEMORANDUM OPINION

Before Justices Brown, Schenck, and Reichek
Opinion by Justice Brown

In this original proceeding, relator complains that the trial court ruled on his pretrial writ

of habeas corpus, motion to quash the indictment, and a motion to withdraw appointed counsel but

has refused to sign written orders setting out those rulings. Relator seeks a writ of mandamus

ordering the trial judge to reduce the rulings on the motions to writing, to file the certification of

right to appeal, and to set relator's December 10, 2018 motion to suppress for hearing.

To establish a right to mandamus relief in a criminal case, the relator must show that the

trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel.*

*Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). A trial court has a

ministerial duty to rule upon a properly filed and timely presented motion. *See State ex rel. Young*

*v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig.

proceeding). To be properly filed and timely presented, a motion must be presented to a trial court

at a time when the court has authority to act on the motion. *See In re Timms*, No. 05–16–00129–

CV, 2016 WL 542112, at *1 (Tex. App.—Dallas Feb. 11, 2016, orig. proceeding) (mem. op.); *see also In re Hogg–Bey,* No. 05–15–01421–CV, 2015 WL 9591997, at *1–2 (Tex. App.—Dallas Dec. 30, 2015, orig. proceeding) (mem. op.). A trial court has a reasonable time within which to consider a motion and to rule. *In re Craig,* 426 S.W.3d 106, 107 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding); *In re Sarkissian,* 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding).

Once a trial court pronounces its judgment or declares the content of its order, the act of committing the judgment or order to writing and signing it is a ministerial act. *In re Nixon*, No. 05-15-00263-CV, 2015 WL 1346137, at *2 (Tex. App.—Dallas Mar. 25, 2015, orig. proceeding) (mem. op.) (citing *Greene v. State*, 324 S.W.3d 276, 282 (Tex. App.—Austin 2010, no pet.); *Alcantar v. Oklahoma Nat. Bank*, 47 S.W.3d 815, 821 (Tex. App.—Fort Worth 2001, no writ); *Nicot–Bardeguez v. Fashing*, 718 S.W.2d 36, 38 (Tex. App.—El Paso 1986, orig. proceeding)). When a trial court refuses to sign a written order memorializing a ruling and the existence of such a written order is a necessary pre-condition for a party to be able to exercise a right to appeal, the proper way to seek relief is through mandamus. *See State v. Sanavongxay*, 407 S.W.3d 252, 259 n.9 (Tex. Crim. App. 2012).

As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Lizcano v. Chatham*, 416 S.W.3d 862, 863 (Tex. Crim. App. 2011) (orig. proceeding) (Alcala, J. concurring); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rules 52.3 and 52.7 require the relator to provide "a certified or sworn copy" of certain documents, including any order complained of, any other document showing the matter complained of, and every document that is material to the relator's claim for relief that was filed in any underlying proceeding. TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

The mandamus record shows that the trial court issued written rulings denying relator's petition for pretrial writ of habeas corpus and relator's motion to quash the indictment within the court's December 27, 2018 findings of fact. Relator has, therefore, already obtained the relief requested as to those motions and is not entitled to mandamus relief.

As for the motion to withdraw appointed counsel and request for certification of right to appeal, the mandamus record does not include a certified or sworn copy of the trial court's docket sheet or other proof that establishes relator requested a written ruling on the motion or requested the certification from the trial court, and the trial court has failed to act on relator's requests within a reasonable time. TEX. R. APP. P. 52.3(k)(1)(a), 52.7(a). This record is insufficient to establish that the requests were properly filed and timely presented and that the trial court was asked to rule but failed to do so within a reasonable time. As such, relator has not established a violation of a ministerial duty and is not entitled to mandamus relief.

Finally, relator filed his request for hearing date on the motion to suppress on December 21, 2019. The trial court has not yet been given a reasonable time in which to set that motion for hearing. Relator is, therefore, not entitled to a writ of mandamus on that issue.

Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Ada Brown/
ADA BROWN
JUSTICE

190104F.P05

–3–